UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

MOTION INFORMATION STATEMENT

Docket Number(s): 19-2983 (L),    19-3374 (CON)                     _____United States v. Middendorf_____

Motion for: Remands to District Court

_____

_____

Set forth below precise, complete statement of relief sought:

Remand to District Court

_____

_____

_____

_____

_____

| MOVING PARTY: United States of America | | OPPOSING PARTY: David Middendorf, Jeffrey Wada |
|---|---|---|
| ☐ Plaintiff | ☐ Defendant | |
| ☐ Appellant/Petitioner | ☑ Appellee/Respondent | |

MOVING ATTORNEY: Damian Williams, U.S. Attorney, Southern District of New York    OPPOSING ATTORNEY: Nelson Boxer, Esq., Roman Martinez, Esq.

[name of attorney, with firm, address, phone number and e-mail]

By: Margaret Graham, Assistant U.S. Attorney                _____

One Saint Andrew's Plaza, New York, NY 10007              _____

(212) 637-2923; Email: Margaret.Graham@usdoj.gov         _____

Court- Judge/ Agency appealed from: The Honorable J. Paul Oetken, United States District Judge, Southern District of New York

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____
_____

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below?          ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____
_____
_____
_____
_____

Is oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☑ No  If yes, enter date:_____

Signature of Moving Attorney:

/s Margaret Graham_____ Date: 7/31/2023_____   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Docket Nos. 19-2983 (L), 19-3374 (CON) |
| *Appellee,* | |
| *v.* | AFFIRMATION |
| THOMAS WHITTLE, DAVID BRITT, CYNTHIA HOLDER, | |
| *Defendants,* | |
| DAVID MIDDENDORF, JEFFREY WADA, | |
| *Defendants-Appellants.* | |

STATE OF NEW YORK       )
COUNTY OF NEW YORK     : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

MARGARET GRAHAM, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1.    I am an Assistant United States Attorney in the Office of Damian Williams, United States Attorney for the Southern District of New York. I represented the Government in the proceedings below, and I am one of the attorneys representing the Government in this appeal.

1

2.      I respectfully submit this Affirmation in support of the Government's motion to remand the case to the District Court to permit the Government to dismiss Counts Two through Five as to defendant-appellant David Middendorf and Counts Two, Four, and Five as to defendant-appellant Jeffrey Wada.

**BACKGROUND**

3.      David Middendorf and Jeffrey Wada appeal from judgments of conviction entered on September 16, 2019, and October 15, 2019, respectively, in the United States District Court for the Southern District of New York, following a four-week jury trial before the Honorable J. Paul Oetken, United States District Judge.

4.      The charges arose from a multi-year scheme carried out by Middendorf, an executive at the accounting firm KPMG, Wada, an inspections leader with the Public Company Accounting Oversight Board (the "PCAOB"), and others to defraud the PCAOB by embezzling valuable confidential information regarding planned inspections by the PCAOB so that Middendorf and other members of the scheme within KPMG could use the information to KPMG's advantage in the PCAOB inspection process.

5.      Indictment 18 Cr. 36 (JPO) (the "Indictment") was unsealed on January 22, 2018, in five counts, five of which named Middendorf and four of which named Wada. Count One charged Middendorf, Wada, and others with conspiracy to defraud the United States Securities and Exchange Commission, in violation of 18 U.S.C.

2

§ 371. Count Two charged Middendorf, Wada, and others with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Count Three charged Middendorf and others with committing wire fraud in 2015, in violation of 18 U.S.C. §§ 1343 and 2. Counts Four and Five charged Middendorf, Wada, and others with committing wire fraud in 2016 and 2017, respectively, in violation of 18 U.S.C. §§ 1343 and 2.

6.    Before trial, the defendants moved to dismiss the wire fraud counts in the Indictment on the ground that PCAOB's confidential inspection information was not property for purposes of the wire fraud statute. On July 17, 2018, the District Court denied the motion, reasoning that the "inspection lists were certainly 'something of value' to the PCAOB, which invested time and resources into their creation." (SPA 18).

7.    Trial began on February 11, 2019. On March 11, 2019, the jury acquitted the defendants of Count One (the conspiracy to defraud) and convicted on all of the wire fraud counts.

8.    On September 11, 2019, Judge Oetken sentenced Middendorf principally to one year and one day's imprisonment on each count of conviction, to run concurrently, to be followed by three years' supervised release. On October 11, 2019, Judge Oetken sentenced Wada principally to nine months' imprisonment on each count of conviction, to run concurrently, to be followed by three years' supervised

3

release. Both appealed their convictions and have been released on bail pending appeal.

9.    Middendorf and Wada filed their opening briefs on appeal on March 13, 2020. Each brief raised, among other issues, whether the confidential PCAOB information embezzled by the defendants constitutes "property" within the meaning of the wire fraud statute. In support of their argument, the defendants relied principally on *Cleveland v. United States*, 531 U.S. 12 (2000).

10.    The Government filed its brief on appeal on June 15, 2020. In its brief, the Government argued, among other things, that the PCAOB's confidential inspection lists were property under *Carpenter v. United States*, 484 U.S. 19 (1987), *Pasquantino v. United States*, 544 U.S. 349 (2005), and *United States v. Blaszczak* (*Blaszczak I*), 947 F.3d 19 (2d Cir. 2019). The Government also argued that *Cleveland* and *Kelly v. United States*, 140 S. Ct. 1565 (2020), which had been decided after the filing of the defendants' opening briefs, were inapposite.

11.    The defendants filed their reply briefs in July 2020, arguing that *Kelly* further supported their argument that confidential PCAOB information is not "property" under the wire fraud statute.

12.    On January 11, 2021, at the Solicitor General's request, the Supreme Court granted petitions for a writ of certiorari in *Blaszczak*, vacated this Court's judgment, and remanded that case for further consideration in light of *Kelly*. *Blaszczak*

4

concerned wire fraud convictions arising from the disclosure of confidential "predecisional" information held by a federal agency, the Centers for Medicare & Medicaid Services ("CMS"), regarding CMS's contemplated rules and regulations. Because a further decision by the Second Circuit in *Blaszczak* was expected to address the construction of "property" under the wire fraud statute in light of *Carpenter*, *Cleveland*, *Pasquantino*, and *Kelly*, which would bear on the appeal in this case, on February 16, 2021, the appeal was held in abeyance pending this Court's decision in *Blaszczak*. On December 27, 2022, this Court issued its second opinion in *Blaszczak*, holding that CMS's confidential information regarding forthcoming regulations was not property for the purposes of the wire fraud statute. *United States v. Blaszczak* (*Blaszczak II*), 56 F.4th 230, 242-44 (2d Cir. 2022).

13.    On March 30, 2023, this Court lifted the stay of the appeal. On May 1, 2023, the defendants filed supplemental briefs, arguing, among other things, that the position taken by the Government on remand in *Blaszczak II* and this Court's opinion on remand in *Blaszczak II* compel the conclusion that the information at issue in this case does not constitute property under the wire fraud statute.

## DISCUSSION

14.    In *Blaszczak II*, the Government confessed error, after consultation with the Solicitor General's Office, in light of the Department of Justice's post-*Kelly* position regarding the scope of "property" under the wire fraud statute, and

5

accordingly asked this Court to either reverse the relevant convictions or remand for the Government to dismiss the relevant counts in the district court. This Court afforded "deference" to the Government's position, agreed that the predecisional CMS information was not property after *Kelly*, and remanded to the district court to permit the Government to dismiss the relevant counts. *Blaszczak II*, 56 F.4th at 244-45.[1]

15.    The same result is warranted here. The Government concedes that in light of the Department of Justice's post-*Kelly* interpretation of "property" in 18 U.S.C. § 1343, as well as this Court's decision in *Blaszczak II*, Middendorf's and Wada's convictions should be set aside.

16.    The Government has determined, in consultation with the Solicitor General's Office, that the evidence at trial was insufficient to establish that the confidential information at issue in this case constituted "property" under *Kelly* and *Blaszczak II* because it had value only in the "'exercise of regulatory power,'" *Blaszczak II*, 56 F.4th at 243 (quoting *Kelly*, 140 S. Ct. at 1568), and not in the

---

[1] Similarly, in *United States v. Aytes*, No. 19-3981, where the confidential information was the FDIC's plans detailing how banks would conduct liquidation in the event of a severe financial crisis, another U.S. Attorney's Office, after consulting with the Solicitor General's Office, confessed error in light of the Department of Justice's post-*Kelly* position and asked that the Government's affirmative appeal on the issue be dismissed; this Court summarily granted the motion. *See Blaszczak II*, 56 F.4th at 241-42 (describing *Aytes*).

6

government's "role 'as property holder,'" *Kelly*, 140 S. Ct. at 1568 (quoting *Cleveland*, 531 U.S. at 24). To be sure, the PCAOB "invested time and resources into [the inspection lists'] creation." (SPA 18); *see also Blaszczak I*, 947 F.3d at 33 (recognizing, pre-*Kelly*, that "CMS *does* have an economic interest in its confidential predecisional information" because the agency "invests time and resources into generating and maintaining the confidentiality of" that information, and leaks affect the "efficient use of its limited time and resources"). But in the Department's view, shaped by *Kelly*, the time and resources at issue in this case did not constitute "an object of the fraud," and thus the associated "labor costs could not sustain the conviction[s]" here. *Kelly*, 140 S. Ct. at 1573. Thus, the Government concedes that the evidence adduced at trial did not sufficiently distinguish the information at issue here from the predecisional CMS information at issue in *Blaszczak* to satisfy the "property" requirement of Section 1343. Accordingly, and because each count of conviction required the Government to prove that "property" was an object of the scheme, the Government moves to remand the case to the District Court to permit the Government to dismiss each count of conviction as to Middendorf and Wada.

17.     I have contacted Middendorf's appellate counsel, Nelson A. Boxer, Esq., and Wada's appellate counsel, Roman Martinez, Esq. who each advised that his client consents to the Government's request.

7

## CONCLUSION

18.    For the foregoing reasons, the Court should remand the case to the District Court to permit the Government to dismiss Counts Two through Five as to Middendorf and Counts Two, Four, and Five as to Wada.


Dated:         New York, New York
               July 31, 2023

                              s/
                              Margaret Graham
                              Assistant United States Attorney
                              Telephone:  212-637-2923

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel hereby certifies that this motion complies with the type- volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare this motion, there are 1,634 words in this motion.

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  Margaret Graham
Assistant United States Attorney
(212) 637-2923